# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. PERL,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:16-cv-00196-SAB<br><br>ORDER VACATING SEPTEMBER 5, 2018 HEARING AND GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF Nos. 25, 26, 28) |

Petitioner Harvey P. Sackett ("Counsel"), attorney for Plaintiff Anthony William Perl ("Plaintiff"), filed the instant motion for attorney fees on August 7, 2018.[1] Counsel requests fees in the net amount of $30,660.00 pursuant to 42 U.S.C. § 406(b)(1). Plaintiff has not objected to the request. On August 21, 2018, Defendant Social Security Commissioner, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion providing an analysis of the fee request.

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set on September 5, 2018, will be vacated and the parties will not be required to appear at that time.

/ / /

/ / /

---

[1] The parties have consented to the jurisdiction of the magistrate judge. (ECF Nos. 5, 6.)

1

# I.
# BACKGROUND

Plaintiff filed the instant complaint challenging the denial of social security benefits on February 11, 2016. (ECF No. 1.) Plaintiff filed his opening brief on October 5, 2016. (ECF No. 12.) After receiving an extension of time to file a responsive pleading, Defendant filed a motion to remand pursuant to sentence four of 42 U.S.C. § 405(g) on December 7, 2016. (ECF No. 17.) Plaintiff filed an opposition on December 27, 2016. (ECF No. 19.) On March 22, 2017, the Court issued an order granting Plaintiff's Social Security appeal in part and granting Defendant's motion to remand. (ECF No. 20.) The Court entered judgment in Plaintiff's favor on May 2, 2017. (ECF No. 22.) On July 17, 2017, the parties' stipulation for an award of attorney fees was granted. (ECF No. 24.)

On remand, the ALJ found that Plaintiff was disabled as of October 2012, and past benefits were awarded in the amount of $147,440.00. (ECF No. 25-1 at 5-12; ECF No. 25-2 at 5.) The Commissioner withheld $36,860.00 from the past-due benefit for attorney fees. (ECF No. 25-2 at 7.) On August 7, 2018, Petitioner filed a motion for attorney fees pursuant to 42 U.S.C. § 406(b). On August 9, 2018, Plaintiff filed a declaration in support of the motion for attorney fees. (ECF No. 26.) The Commissioner filed a response on August 28, 2018. (ECF No. 28.)

# II.
# LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v.

1  Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful
2  attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test
3  it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). Agreements
4  seeking fees in excess of twenty-five percent of the past-due benefits awarded are not
5  enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the
6  fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

7  In determining the reasonableness of an award, the district court should consider the
8  character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately,
9  an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA.
10 Gisbrecht, 535 U.S. at 796.

11 The Ninth Circuit has identified several factors that a district court can examine under
12 Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met
13 his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the
14 standard of performance of the attorney in representing the claimant; (2) whether the attorney
15 exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of
16 past-due benefits; and (3) whether the requested fees are excessively large in relation to the
17 benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586
18 F.3d at 1151.

## III.

## DISCUSSION

21 In the instant motion, Petitioner is seeking a net attorney fee of $30,660.00 for services
22 performed in this action.

23 The Court has conducted an independent check to insure the reasonableness of the
24 requested fees in relation to this action. Gisbrecht, 535 U.S. at 807. Here, the fee agreement
25 between Plaintiff and Petitioner provides for "a fee no greater than 25% of the past due benefits
26 owed to me" if a favorable decision is received following an unfavorable decision by the
27 administrative law judge. (Attorney's Fee Contract for Social Security Disability and/or
28 Supplemental Security Income (SSI) Claims, AR 91-92.) Plaintiff has been awarded benefits

1 from April 2013 through June 2018 in the amount of $147,440.00. (ECF No. 25-2 at 5.) In
2 determining the reasonableness of the fees requested, the Court is to apply the test mandated by
3 Gisbrecht.

There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. Although this action does involve five years of backpay, there is no indication that Counsel was responsible for any substantial delay in the court proceedings. Plaintiff agreed to a 25 percent fee at the outset of the representation and Petitioner is seeking payment of $36,860.00. The amount sought is twenty-five percent of the backpay award. The $30,660.00 fee is not excessively large in relation to the past-due award of $147,440.00. In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

In support of the motion, Petitioner submits a log of the time spent in prosecuting this action. (Itemization of Services Rendered, ECF No. 25-5.) The log demonstrates that Petitioner spent 31.6 hours and a paralegal spent 2.7 hours for a total of 34.3 hours. (Id.) When considering the total amount requested by Petitioner, the fee request translates to $1,075.23 per hour for the services in this action. In Crawford the appellate court found that a fee of $875 and $902 per hour, for time of both attorneys and paralegals, was not excessive. Crawford, 486 F.3d at 1152 (dissenting opinion).

Giving primacy to the fee agreement, the Court finds that the requested fees are reasonable. Petitioner's representation of the claimant resulted in the action being remanded for further proceedings and ultimately benefits were awarded. Counsel also submitted a detailed billing statement which supports his request. (ECF No. 25-5.)

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. In this instance, Petitioner has previously been awarded $6,200.00 in EAJA fees and the award of fees under Section 406(b) must be offset in that amount.

///

# VI.

# CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. The hearing set for September 5, 2018 is VACATED and the parties need not appear at that time;

2. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $36,860.00 less $6,200.00 for the previous payment of EAJA fees is GRANTED; and

3. Petitioner is awarded net attorney fees in the amount of $30,660.00.

IT IS SO ORDERED.

Dated: __**August 22, 2018**__

UNITED STATES MAGISTRATE JUDGE